# United States District Court
## District of South Carolina

| | | |
|---|---|---|
| Anthony Feurtado, # 05962-112; | ) | C/A No. 3:05-1933-SB-JRM |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Deputized D.E.A. Agent Charles McNair; Deputized | ) | |
| D.E.A. Agent Joe Hancock; AUSA Cameron Glenn | ) | |
| Chandler of SC; AUSA Kelly Shackelford of SC; AUSA | ) | |
| Mark Moore of SC; U.S. Marshal Israel Brooks of SC; | ) | |
| Chief Jessie Baker of the Columbia Metropolitan Airport | ) | |
| Police Department; and Robert McCauley, Director of the | ) | |
| Richland County Detention Center; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, Antony Feurtado (hereafter, the "Plaintiff"), is a federal prisoner bringing a *pro se* action against the South Carolina Defendants – Charles McNair, Joe Hancock, Jessie Baker and Robert McCauley -- under Title 42 United States Code §1983. He sues the federal Defendants – Cameron Glenn Chandler, Kelly Shackelford, Mark Moore and Israel Brooks – under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed

---

[1] – *See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). *See also* Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987).

under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is presently incarcerated at the Allenwood Federal Correctional Institution (FCI-Allenwood) in White Deer, Pennsylvania. Plaintiff was one of nine (9) defendants charged with narcotics, money laundering and conspiracy in United States v. Feurtado, et al, 3:96-0325-SB (D.S.C. 1996). Initially, Plaintiff and his associates were charged in United States v. Feurtado, et al, 3:95-0669-SB (D.S.C. 1995), but the indictments were dismissed without prejudice when it was learned that grand jury testimony by one of the investigators (Defendant McNair) had been incorrect. The Honorable Sol Blatt, Jr., United States District Judge for the District of South Carolina, served as presiding judge in the proceedings. Judge Blatt ruled that the error was not prosecutorial misconduct and the United States Court of Appeals for the Fourth Circuit affirmed his ruling in United States v. Feurtado, et al, 191 F. 3d 420 (4th Cir. 1999).

In March, 1997, Plaintiff entered guilty pleas to Counts 1 and 31 of the superseding indictment: violation of 21 U.S.C. § 846 (Conspiracy to Distribute Narcotics) and violation of 18:1956(a)(1)(A)(I) and 2 (Money Laundering), for which he received concurrent sentences of 210 months and 180 months imprisonment respectively, with other terms and conditions. Plaintiff's convictions and sentences were affirmed on appeal. See United States v. Feurtado, 39 Fed. Appx. 812 (4th Cir. 2002). Plaintiff has twice sought relief from his convictions under 28 U.S.C. § 2255: Feurtado v. United States, 3:01-3550-SB (D.S.C. 2001), was dismissed without prejudice while Plaintiff's direct appeal was pending in the Fourth Circuit Court of Appeals; Feurtado v. United States, 3:03-2949-SB (D.S.C. 2003), consolidated with Feurtado v. United States, 3:03-3416-SB (D.S.C. 2003), is still pending. See Feurtado v. United States,

3:03-2949-SB.

In Feurtado v. McNair, et al., 3:99-2582-SB (D.S.C. 1999), Plaintiff brought combined Bivens and § 1983 claims against the present Defendant McNair, Assistant United States Attorney (AUSA) Cameron Glenn Chandler, the United States Marshals Service, the Richland County Detention Center and its Director, Robert McCauley,  the Metropolitan Detention Center – Los Angeles, and United States Marshall Sam Dunnivant.  In a subsequent Amended Complaint, Plaintiff added the Federal Bureau of Prisons and Judge Blatt as named defendants.

By adding the trial judge as a defendant, Plaintiff introduced a needless complication into his action.  On April 20, 2000, the undersigned filed a Report and Recommendation which proposed dismissal of the entire action without prejudice, except for the claim against Judge Blatt which was to be dismissed with prejudice upon the well-established ground of absolute judicial immunity.  On July 10, 2000, Judge Blatt adopted the Report with regard to all the named defendants except for himself.  That claim was reassigned to the Honorable Joseph F. Anderson, Jr., United States District Judge for the District of South Carolina.

In an order filed on July 20, 2000, Judge Anderson dismissed the claim against Judge Blatt with prejudice.  See Feurtado v. McNair, et al., — F. Supp. 2d —, 2000 WL 34448882 (D.S.C. 2000).  In his order, Judge Anderson wrote: "this court hereby concludes that this action [the claim against Judge Blatt] was malicious and intended to harrass."  Because Plaintiff had paid the filing fee in full, he was not subject to imposition of a "strike" under the Prison Litigation Reform Act (PLRA), codified as 28 U.S.C. § 1915(g).  Such malicious and harassing conduct does not, however, escape court sanctions under the PLRA.  Pursuant to 28 U.S.C. § 1932, Judge Anderson directed that all the Plaintiff's good time credits not yet

vested in the Federal Bureau of Prisons be revoked.

On August 3, 2000, Plaintiff filed a motion for amendment of Judge Anderson's order. That motion was denied in an order filed by Judge Anderson on March 29, 2001, which included the following observation:

> Further, the court is compelled to note that the most recent filing by the plaintiff is but the latest in a series of frivolous and redundant motions made subsequent to the entry of judgment against the plaintiff, raising no new issues that were not brought before the court previously. Moreover, as was the case with many previous filings, the document was not served upon the opposing party.

See Feurtado v. McNair, et al., — F. Supp. 2d —, 2001 WL 34685100 (D.S.C. 2001), aff'd 3 Fed. Appx. 113 (4th Cir. 2001).[2]

In the present action, Plaintiff renews his claims against Defendant McNair. Plaintiff also names Joe Hancock, of the Drug Enforcement Agency (DEA), as a Defendant, neglecting however to make any factual allegations concerning his role in the underlying prosecution. At the threshold, Defendant Hancock should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff also alleges an illegal search by Defendant McNair and Jessie Baker as Director of the Columbia Metropolitan Airport Police Department.

Plaintiff renews his claims of prosecutorial misconduct against AUSA Glenn Chandler, adding AUSA Kelly Shackelford and AUSA Mark Moore. The U.S. Marshal Service and U.S. Marshall Sam Dunnivant are replaced in this action by the United States Marshal for South Carolina, Israel Brooks. Defendant Brooks is sued along with Robert McCauley, Director of the

---

[2] – It should be noted that Plaintiff filed a Petition for Writ of Certiorari in the matter, which was denied by the United States Supreme Court on October 9, 2001. See Feurtado v. McNair, et al., 534 U.S. 964 (2001). Plaintiff had also filed a letter motion demanding Judge Anderson's recusal. See Document #20, Feurtado v. McNair, 3:99-2582-SB (D.S.C. 1999). When Judge Anderson denied the motion, Plaintiff separately sought a Writ of Mandamus from the Fourth Circuit Court of Appeals, which was denied. See In re: Feurtado, 5 Fed. Appx. 274 (4th Cir. 2001).

Richland County Detention Center, in the same cause of action.

Substantively, the Plaintiff asserts the following:

(1) Defendants McNair, Chandler, Shackelford and Moore all conspired to deny him due process by misleading the Grand Jury that filed indictments in <u>United States v. Feurtado</u>, 3:95-0669-SB and by instituting a superseding indictment;

(2) Defendants Brooks and McCauley illegally arrested Plaintiff under the superseding indictment in <u>United States v. Feurtado</u>, 3:96-0325-SB;

(3) Defendants McNair and Baker conducted an illegal search of suitcases at the Columbia Metropolitan Airport on February 1, 1995.

### *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.

<u>Hughes v. Rowe</u>, 449 U.S. 5 (1980);  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976);  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972);  <u>Loe v. Armistead</u>, 582 F. 2d 1291 (4th Cir. 1978);  <u>Gordon v. Leeke</u>, 574 F. 2d 1147 (4th 1978).   *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  <u>Hughes v. Rowe</u>, <u>supra</u>.  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th  Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  <u>Small v. Endicott</u>, 998 F.2d 411 (7th  Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th  Cir. 1985).

### ORIGINAL AND SUPERSEDING INDICTMENTS

In <u>Feurtado v. McNair, et al.</u>, 3:99-2582-SB, claims against Defendants McNair and Chandler were dismissed on the basis of witness and prosecutorial immunity respectively.  In

this action, Plaintiff makes the same claim expanding the list of defendants to include AUSAs

Shackelford and Moore.  He asserts that the actions of these Defendants –  in presenting the

original indictment (3:95-cr-0669-SB) and instituting the superseding indictment

(3:96-cr-0325-SB) – amount to a denial of due process and entitle him to recover monetary

damages.  On the merits, this claim cannot survive minimal scrutiny.

The vacation of the original indictment and institution of the superseding indictment

resulted from judicial rulings by Judge Sol Blatt, Jr.  As noted above, his rulings were

specifically upheld on appeal by the Fourth Circuit.  See Feurtado v. McNair, 191 F. 3d 420 (4th

Cir. 1999).

The dismissal without prejudice by Judge Blatt of the original indictment was based on

his finding that there had been no willful prosecutorial misconduct.  The Court of Appeals made

its own detailed examination of the issue and set it forth in a footnote:

> We find, however, that the district court's decision in that regard was essentially a
> decision as to the weight of evidence and a credibility determination, and as such
> it is entitled to great deference by this court. *United States v. Dickerson*, 166 F.3d
> 667, 676 n. 6 (4th Cir.1999) (citing *United Stated [sic] v. Oregon State Med.
> Soc'y*, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978 (1952)). Not only did the court
> review the grand jury transcripts, it also held a hearing at which it heard
> testimony from Agent McNair regarding, among other things, the motivation
> behind his testimony and his belief in the truth of his statements at the time.
> Given the numerous sources from which Agent McNair's information came, the
> district court's determination that he "acted with the best of intentions" is
> supported by the record. The findings of the district court with respect to the
> matter are not clearly erroneous.

191 F. 3d at 424, n. 2.

Judge Blatt's decision to dismiss the original indictment without prejudice and to reject

Plaintiff's challenge to the superseding indictment was also approved by the Court of Appeals:

> We are of opinion the district court took the correct course. In view of the finding
> that the presentation of the objectionable portions of McNair's testimony were
> inadvertent and that other portions of the grand jury's testimony free from taint

supported the indictment, deterrence would have been the only basis remaining for dismissal. In *Bank of Nova Scotia*, the court stated the rule in such cases:
  ... deterrence is an inappropriate basis for reversal where means more narrowly tailored to deter objectionable prosecutorial conduct are available. [internal quotations removed]   487 U.S. at 255, 108 S.Ct. 2369.
  In this case the district court correctly chose a more narrowly tailored remedy and dismissed the indictment without prejudice. The new indictment issued on April 3, 1996 was handed down by a grand jury which considered only a transcript of witnesses' testimony before the original grand jury, which transcript did not include McNair's testimony.
Thus, the indictment on which the defendants were tried was entirely free of taint caused by the introduction of McNair's objectionable testimony before the original grand jury, and there could not have been any prejudice to the defendants on that account. Again pursuant to *Bank of Nova Scotia*, we decline to invoke the supervisory power of an appellate court to circumvent a harmless error inquiry. 487 U.S. at 254, 108 S.Ct. 2369. We are of opinion that there was no error in the procedure adopted by the district court in this case. In the unlikely event any error be found, it was harmless.

191 F. 3d 425.

Plaintiff did not appeal the decision of the Fourth Circuit, and therefore he is barred from presenting the issue in this Court again.  Over one hundred and twenty five years ago, the United States Supreme Court summarized the doctrine of *res judicata* declaring that a final judgment becomes:

...a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

Cromwell v. Country of Sac, 94 U.S. 351, 24 L. Ed. 195 (1876).  The Supreme Court restated this same definition in the 1983 case of Nevada v. United States, 463 U.S. 110, 77 L. Ed. 2d 509, 103 S. Ct. 2906 (1983).  The judicial policies of economy, finality, and comity, which among others are served by the doctrine of *res judicata*, require no further exposition in this Report. They are well settled in American jurisprudence.

The Fourth Circuit has on many occasions affirmed the elements governing prior adjudication: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of

action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.  Andrews v. Daw, 201 F. 3d 521 (4th Cir. 2000); Jones v. SEC, 115 F. 3d 1173 (4th Cir. 19970; Vara Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough, 81 F. 3d 1310 (4th Cir. 1996); Young-Henderson v. Spartanburg Area Mental Health Center, 945 F. 770 (4th Cir. 1991); Keith v. Aldridge, 900 F. 2d 736 (4th Cir.1990).

Defendants Shackelford and Moore have not been sued previously upon the present set of facts.  Preclusion by way of collateral estoppel must be considered in this context, since there is not the identity of parties required by *res judicata*.  Montana v. United States, 440 U.S. 147, 59 L. Ed. 2d 210, 99 S. Ct. 970 (1979).  Collateral estoppel can take the form of claim preclusion, which applies when the same cause of action is brought in later litigation.  This doctrine precludes assertion of any claim that was actually adjudicated or that might have been presented.  Vara Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough, 81 F. 3d 1310 (4th Cir. 1996).  Issue preclusion is more narrow and operates to bar subsequent litigation of legal and factual issues common to both actions that were actually and necessary determined by the court in the prior litigation.  Vara Enterprises, Inc., v. Nelson, Mullins, Riley and Scarborough, 81 F. 3d 1310 (4th Cir. 1996); Combs v. Richardson, 838 f. 2d 112 (4th Cir. 1988).  Both these doctrines bar Plaintiff from making his prior claim against the new Defendants.

Defendants McNair, Chandler, Shackelford and Moore did not deny Plaintiff due process by obtaining and prosecuting the new indictment (3:96-cr-0325).  His claim of prejudice has been resoundingly rejected by the Fourth Circuit.  His continuing quest for monetary damages against these parties is frivolous and another example of the malicious and harassing abuse of process which District Judge Anderson has already twice noted.

## UNLAWFUL ARREST

Plaintiff's actions against Defendants Brooks and McCauley cannot be sustained. This Court's records in United States v. Feurtado, 3:96-0325-SB, clearly reflect the issuance of warrants by order of the undersigned, a judicial officer, on April 3, 1996, pursuant to the superseding indictment described above. The record in United States v. Feurtado, 3:95-0669-SB, reveal that Plaintiff was arrested in October, 1995, in California pursuant to a warrant issued in that case. Plaintiff was in custody when the second warrant was executed on April 22, 1996.

This Court may take judicial notice of its own records. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shop v. Bell & Howell, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); Days v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

Any claims against these two defendant law officers are barred, because the defendants were acting pursuant to the order of a judicial officer. Belk v. Charlotte-Mecklenburg Bd. of Education, 269 F. 3d 305 (4th Cir. 2001); Rogers v. Bruntrager, 841 F.2d 853 (8th Cir.1988); McCray v. Maryland, 456 F. 2d 1 (4th Cir. 1972) Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir.1969). Plaintiff's claims lack merit and are frivolous.

## ILLEGAL SEARCH

Plaintiff alleges that Defendants McNair and Baker participated in an illegal search of two suitcases at Columbia Metropolitan Airport on February 1, 1995. From the records in United States v. Feurtado, 3:06-0325-SB, it appears that this search precipitated the arrests of Kevin Barrett (*aka*, James Scott) and Gary Feurtado (*aka*, Steve Brown, *aka* James Johnson).

Both men were charged with narcotics violations in <u>United States v. (Gary) Feurtado, et al</u>, 3:95-0066-MJP (D.S.C. 1995).  They each entered guilty pleas and evidently provided assistance in the prosecution of Plaintiff and his eight co-defendants in <u>United States v. Feurtado, et al</u>, 3:96-0325-SB.  As noted above, Plaintiff's § 2255 motion regarding that conviction is still active before this Court.  Plaintiff's Memorandum in that action attacks the failure of his trial counsel to challenge adequately the testimony of Gary Feurtado concerning his arrest at Columbia Metropolitan Airport.  <u>See</u> Document # 18, pp. 64-69, <u>Feurtado v. United States</u>, 3:03-2949-SB. The testimony supported both the Plaintiff's original and superseding indictments.  <u>See</u> <u>U.S. v. Feurtado</u>, 191 F. 3d 420, 424 (4th Cir. 1999).

Given that the arrest of Gary Feurtado and Kevin Barrett appear inextricably linked to his conviction, inquiry into the matter cannot be undertaken without violating the holding in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  This legal principle was explained at length to Plaintiff in the Report filed by the undersigned in his first § 1983 action.  <u>See</u> <u>Feurtado v. McNair</u>, 3:99-2582-SB, <u>supra</u>.  The quest for monetary damages against Defendants McNair and Baker is without merit and should be summarily dismissed.

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(I), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  <u>Denton v. Hemandez</u>, 504 U.S. 25 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Allison v.</u>

Kyle, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless.  Denton v. Hernandez, supra.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  Id.

### RECOMMENDATION

The Defendants should not be required to answer this frivolous action.   The dismissal of Feurtado v. McNair, 3:99-2582-SB, clearly rested on findings that the action was frivolous and malicious.  There can be no doubt that Plaintiff has been placed on notice that he fails to state claims against Defendants McNair, Glenn Chandler, Shackelford, Moore, Brooks and McCauley upon which this Court could grant relief.  Dismissal of his prior action without prejudice does not mean that he can continue to file the same pleading with the mere addition of other defendants or related claims.  It is therefore recommended that the within Complaint be **dismissed, that this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).** Plaintiff's attention is directed to the Notice on the following page.

<div style="margin-left:50%">

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

</div>

August 17, 2005
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

<div align="center">

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

</div>