UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

USDC CLERK, RECEIVED CHARLESTON, SC
2006 JUN 15 A 10: 33

Anthony Feurtado, #05962-112, )
) Civil Action No. 3:05-1933-SB
             Plaintiff, )
) **ORDER**
-vs- )
)
Deputized D.E.A. Agent Charles )
McNair; Deputized D.E.A. Agent Joe )
Hancock; AUSA Cameron Glenn )
Chandler of SC; AUSA Kelly )
Shackelford of SC; AUSA Mark Moore )
of SC; U.S. Marshall Israel Brooks of )
SC; Chief Jessie Baker of the Columbia )
Metropolitan Airport Police Department; )
and Robert McCauley, Director of the )
Richland County Detention Center, )
)
)
             Defendants. )



## INTRODUCTION

This matter is before the Court on the pro se Plaintiff's complaint alleging violations of his Constitutional rights. By local rule this action was referred to United States Magistrate Judge Joseph R. McCrorey for initial review.

On August 17, 2005, the Magistrate Judge issued a report analyzing the issues and recommending that the Court dismiss the claim as frivolous and that such dismissal be counted as a "strike" for purposes of 28 U.S.C. § 1915(g). Specifically, the Magistrate Judge noted that the Plaintiff's complaint failed to state a claim against the Defendants upon which relief may be granted.

Special attention should be given to the Magistrate Judge's detailed discussion pertaining to the Plaintiff's criminal and procedural history as well as the

analysis of this history under Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court established in Heck:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87. In the report and recommendation the Magistrate Judge explained that the Plaintiff is barred from bringing an action for damages until his previous and pending convictions are rendered invalid. Furthermore, the Magistrate Judge recommended that the prayer for monetary damages against the Defendants are without merit and should be summarily dismissed.

Attached to the report and recommendation was a notice advising the Plaintiff that he had ten days in which to file written objections. The Plaintiff in the form of a complaint submitted written objections, as well as an amended written objection, but both were untimely filed. 28 U.S.C. § 636(b)(1).[1]

Absent a timely objection of the dissatisfied party, a district court is not required to review, under a de novo or any other standard, a magistrate judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985). Here, because the Plaintiff's objections were not timely filed, pursuant to 28 U.S.C. § 636(b)(1), there are no portions of the report and recommendation to which a de

---

[1] To the extent the Plaintiff's amended complaint can be construed as a motion for leave for additional time to amend the complaint, it is denied.

novo review must be conducted. However, despite the Plaintiff's failure to meet the statutory time limits for filing objections under 28 U.S.C. § 636(b)(1), the Court will give the Plaintiff the benefit of the doubt and consider the merits of his objections.

## DISCUSSION

The Plaintiff's original complaint, filed July 11, 2005, alleges that the Defendants deprived him of his Constitutional rights in prosecuting him in violation of 21 U.S.C. § 846 (Conspiracy to Distribute Narcotics).[2] Specifically, the Plaintiff alleges that he was subjected to both an unlawful arrest and illegal search by the Defendants, which ultimately led to his arrest. In his Amended Objection to the Magistrate Judge's report and recommendation, the Plaintiff alleges factual and legal errors made by the Magistrate Judge. He also alleges that the Defendants have abused the immunity privileges granted to government officials and agents by the Constitution.

The Plaintiff's complaint, as well as his lengthy amended objection to the Magistrate Judge's report and recommendation, "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). It also must be considered that, as a pro se litigant, the Plaintiff's pleadings are given a liberal construction because he will not be held to the same standards as an

---

[2]The Plaintiff claims a violation of his Fourth, Fifth, Sixth and Eighth Amendment rights pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2672, 42 U.S.C. §§ 1983, 1985 and that he should be awarded $100,000,000 in damages.

3

attorney. Castro v. United States, 540 U.S. 375, 381-82 (2003); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

The Court has reviewed the Plaintiff's complaints under 28 U.S.C. § 1915(e)(2)(B)(i), which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 325 (1989), set a standard for the determination of frivolousness, holding that "[b]y logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." The Court in Neitzke defined "frivolous" as applied to a complaint as embracing "not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. The Supreme Court further defined frivolousness in Denton v. Hernandez, 504 U.S. 25, 33 (1992), noting it exists "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."



In the present case, the Plaintiff alleges that he was wrongfully arrested and illegally searched, and such acts by the Defendants were a violation of his Constitutional rights. These are "fanciful factual allegations," as described in Denton, and should be dismissed as such because the Defendants did in fact have a warrant and the Constitutional authority to search as well as arrest the Plaintiff. The Plaintiff's complaint is frivolous and must be dismissed because the facts he

alleges are easily contradicted and do not support an arguable legal conclusion.[3]

This Court also agrees with the Magistrate Judge's Heck analysis. The Supreme Court, in Heck, further held that a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also Ballenger v. Owens, 352 F.3d 842, 844 (4th Cir. 2003); Muhammad v. Close, 540 U.S. 749, 751 (2004). Here, the Plaintiff's complaints are without merit and frivolous under 28 U.S.C. 1915(e)(2)(B)(i) because his prior convictions have not been deemed invalid; thus, the Plaintiff is barred from bringing this action or collecting monetary damages because his previous convictions remain valid.

After careful review of the Plaintiff's complaints pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 42 U.S.C. § 1983, as well as the standards of frivolousness and legal merit set forth in Neitzke, Denton, and Heck, the Court finds that the Plaintiff's claims are frivolous and should be dismissed because they are incredible and constitute a faulty legal argument. Furthermore, because this action brought by the Plaintiff is frivolous it is dismissed and this dismissal is deemed a "strike" under 28 U.S.C. § 1915(g).

## CONCLUSION

---

[3] The Fourth Circuit established in Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), that "the term 'frivolous' also connotes discretion because, as a practical matter, it is simply not susceptible to categorical definition."

Based on the foregoing, it is

ORDERED that the Plaintiff's objections to the Magistrate Judge's report and recommendation are overruled; the report and recommendation is affirmed and adopted; this action is dismissed without prejudice and without requiring the Defendants to file a return; this dismissal is considered a "strike" under 28 U.S.C. § 1915(g); and this action is ended.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 14, 2006
Charleston, S.C.



6